WO

KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gonzales,<br><br>                Plaintiff,<br><br>v.<br><br>City of Peoria, et al.,<br><br>                Defendants. | No.  CV 21-00726-PHX-MTL (MHB)<br><br>**ORDER** |

Pending before the Court is Plaintiff's May 14, 2021 Motion to Remand to State Court (Doc. 6).  The Court will grant the Motion and remand this case to the Maricopa County Superior Court.

**I.    Background**

On February 20, 2020, Plaintiff Robert Gonzales, who is represented by counsel, filed a civil complaint in the Maricopa County Superior Court raising four state-law tort claims relating to his March 2, 2019 arrest. On June 2, 2020, the parties filed a Stipulation to Dismiss, with prejudice, Counts Two, Three, and Four of the Complaint. On June 5, 2020, the state court judge issued an order in accordance with the stipulation. On November 30, 2020, the state court denied Defendant Peoria's Motion to Dismiss. On December 29, 2020, Defendant Peoria filed an answer to the Complaint. The only remaining claim is Count One, a state-law claim for assault and excessive force against Defendant City of Peoria.

. . . .

On April 26, 2021, Defendant Peoria filed a Notice of Removal (Doc. 1). On May 14, 2021, Plaintiff filed a Motion to Remand to State Court (Doc. 6). On May 27, 2021, Defendant filed a Response (Doc. 8).

**II.      Removal, Motion for Remand, and Response**

   **A.      Removal**

On February 26, 2021, Plaintiff filed a related civil rights action pursuant to 42 U.S.C. § 1983, *Gonzales v. Smith*, CV 21-00344-PHX-MTL (MHB). That case raises federal civil rights claims stemming from the same March 2, 2019 arrest at issue in this case. Defendant removed this case on the assertion that because a common nucleus of operative facts exists between Plaintiff's federal case and state case, this Court has "supplemental jurisdiction of this civil action and the case is removable." (Doc. 1 at 3.)[1] Defendant Peoria has also filed, in CV 21-00344-PHX-MTL (MHB), a May 4, 2021 Motion to Consolidate Cases, seeking to consolidate this case with CV 21-00344.

   **B.      Motion for Remand**

In his Motion for Remand, Plaintiff argues that an action is only removable if it could have been originally filed in federal court and that the removal statute should be strictly construed against removal. Plaintiff contends the Complaint in this case contains no federal claims and there is no basis for diversity jurisdiction because all parties reside in Arizona. Plaintiff argues that although both this case and CV 21-00344 arise from the same incident, "this does not provide a basis for removal because 28 U.S.C. § 1441(a) requires a basis for federal jurisdiction before the state case may be removed."

   **C.      Response**

In its Response, Defendant Peoria contends jurisdiction over this case is proper because original jurisdiction exits over Plaintiff's federal claim and the state and federal claims form the same case or controversy. Defendant argues the removal statute, 28 U.S.C.

---

[1] Defendant relies on *Sea-Land Service, Inc. v. Lozen Intern*., LLC, 285 F.3d 808, 814 (9th Cir. 2002) for support of this contention. However, *Sea-Land Service* examined a District Court's jurisdiction over the defendant's state-law counterclaims, it did not examine jurisdiction over state law claims filed in an entirely separate lawsuit in state court.

- 2 -

§ 1441, must be read in conjunction with the supplemental jurisdiction statute, 28 U.S.C. § 1367, and that Plaintiff waived objection to removal when he purposefully availed himself of this forum by filing federal claims after filing his state court tort claims. Defendant asserts Plaintiff's federal lawsuit, filed after his state lawsuit, constitutes an "other paper" for purposes of 28 U.S.C. § 1446(b)(3) that renders the state case removable.[2] Finally, Defendant argues remand should be denied as impermissible forum shopping, because equitable principles support jurisdiction over the state-law claims, and to prevent the risk of an impermissible double recovery.

### III.  Remand

Title 28 U.S.C. § 1441 authorizes removal of any civil action brought in the state court over which the federal district courts would have *original* jurisdiction. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction" and the burden of establishing jurisdiction is on the party asserting jurisdiction. *Id.* Limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is obligated to determine whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment

---

[2] Defendant does not provide support for this contention. Section 1446(c)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, ordered or other paper from which it may first be ascertained that the case is one which is or has become removable.

Generally, the "order or other paper" requirement of § 1446(b) applies only to documents generated within the state court litigation. *See Rose v. Beverly Health & Rehabilitation Services, Inc,.* 2006 WL 2067060, *5 (E.D. Cal. 2006). Further, the "other paper" requirement pertains to the timing of removal, it does not create a separate basis for removal. Even if Plaintiff had filed his federal lawsuit within the original 30-day removal period, removal of the state case would be improper.

it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The removal statute is strictly construed **against** removal jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (emphasis added). The party invoking the statute bears the burden of establishing federal jurisdiction. *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant's arguments in support of removal center on its contentions that because Plaintiff's federal claims in CV 21-00344 are based on the same incident that form the basis for his state tort claims, the removal statute should be read in conjunction with the supplemental jurisdiction statute to permit removal. However, supplemental jurisdiction does not provide a basis for removal. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Ancillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441"); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("the supplemental jurisdiction statute is not a source of original subject-matter jurisdiction . . ., and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute" (citations omitted)); *Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 835, 838 (D. Haw. 2006) (same); *see also Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 159 (E.D.Ky. 1996) (*citing Estate of Tabas*, 879 F. Supp. 464, 467 (E.D.Pa. 1995)) ("Supplemental jurisdiction cannot destroy the requirement for complete diversity . . . even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction . . . and even if removal would be efficient.").

"Supplemental jurisdiction must be exercised *in the same action* that furnishes the basis for exercise of supplemental jurisdiction." *Ortolf v. Silver Bar Mines, Inc*., 111 F.3d 85, 86 (9th Cir. 1997) (emphasis added). "The phrases 'in any civil action' and 'in the

action,'" as used in § 1367, "require that supplemental jurisdiction be exercised in the *same case, not a separate or subsequent case*." *Id.* at 87 (emphasis added). "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). "Consequently, claims alleged to be factually interdependent with, and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." *Id.*

The only remaining claim in this case is that a City of Peoria police officer allegedly violated Arizona Revised Statutes § 13-3881(B) when the officer physically accosted Plaintiff in a manner which exceeded the minimal amount of force reasonably necessary to accomplish lawful purpose, and the City of Peoria is liable for that officer's conduct under the principle of respondeat superior. (*See* Doc. 1-3 at 6-7.) Plaintiff's claim relies solely on state law. The Court does not have original jurisdiction over this claim and Plaintiff could not have originally filed the claim in this Court. Accordingly, Defendant has failed to meet its burden of establishing federal jurisdiction over this case and the Court will grant the Motion for Remand. Because motions to consolidate are decided in the case with the lowest case number, *see* Local Rule of Civil Procedure 42.1(b), the Court will address the motion to consolidate in a separate order in CV 21-00344.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Remand (Doc. 6) is **granted**.

(2) This matter is **remanded** to the Superior Court of Maricopa County, Arizona.

(3) The Clerk of Court must mail a **certified copy** of this Order to:

> Jeff Fine
> Clerk of the Superior Court
> Maricopa County, Arizona Superior Court
> 201 West Jefferson
> Phoenix, Arizona 85003-2205.

. . . .

- 5 -

1     (4)    The Clerk of Court must close this federal case.

2     Dated this 10th day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge